UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14050-CR-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEPHEN EMERY MOLNAR,

    Defendant.
_____/

## REPORT AND RECOMMENDATION REGARDING THE PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come before the Court for a final hearing on August 30, 2019 and September 18, 2019 with respect to the Petition for Warrant or Summons for Offender under Supervision (the "Petition") [D.E. 46], and this Court having convened a hearing, recommends to the District Court as follows:

1.    Defendant appeared before this Court on August 30, 2019 and September 18, 2019 for a final hearing on the Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. Between February 2019 and July 2019, the defendant did commit the offense of making false statements, contrary to 18 U.S.C. §1001, by failing to report his email address on his monthly supervision reports as required. |
| **Violation Number 2** | **Violation of Standard Condition**, by failing to report to the probation officer as directed. On or about July 25, 2019, the defendant was instructed to report to the United States Probation Office for a mandatory appointment, and he failed to report as directed. |

**Violation Number 3**  **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On or about January 14, 2019, the defendant was instructed to submit a truthful and complete written monthly supervision report within the first five days of each month. The defendant's monthly supervision reports, for the months of January – June 2019, were incomplete and contained false information regarding the reporting of his email address.

**Violation Number 4**  **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On or about January 14, 2019, the defendant was instructed he is not permitted to have any contact with minors until the United States Probation Office made a third-party risk notification to the parents/guardians of the minors. On or about February 14, 2019, the defendant was found to be in contact with several minors without any risk notification being made.

**Violation Number 5**  **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On or about February 14, 2019, the defendant was questioned regarding his employment search, and stated he has been actively seeking employment, when in fact, the defendant would later admit to United States Probation Officer Robert Tango he was not actively seeking employment at the time.

**Violation Number 6**  **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On or about June 4, 2019, the defendant was questioned regarding his use of a computer and viewing of sexually explicit images. The defendant denied using any computer, or Internet capable device to view sexually explicit images, when in fact, the defendant would later admit to United States Probation Officer Robert Tango he used his mother's Netflix account and searched YouTube to view sexually explicit images.

**Violation Number 7**  **Violation of Special Condition**, by failing to refrain from the use or possession of any computer; except that the defendant may, with prior approval of the Court, use a computer in connection with authorized employment. On at least 12 occasions, since the inception of his supervised release, the defendant has used a computer, as evidenced by

2

|  |  |
|---|---|
|  | his admission to United States Probation Officer Robert Tango. |
| **Violation Number 8** | **Violation of Special Condition**, by buying, selling, exchanging, possessing, trading, or producing visual depictions of minors or adults engaged in sexually explicit conduct. On or about July 25, 2019, the defendant possessed visual depictions of adults engaged in sexually explicit conduct, as evidenced by his admissions to United States Probation Officer Robert Tango. |

2.      After consultation with his attorney, Defendant announced to this Court that he wished to admit Violation Numbers 2, 4, 6 and 7 as set forth in the Petition. The Government agreed to dismiss Violation Numbers 1, 3, 5 and 8 after sentencing. This Court questioned the Defendant on the record and made certain that he understood his rights regarding an evidentiary hearing as to Violation Numbers 2, 4, 6 and 7. Defendant acknowledged that he understood his rights and further understands that if this Court accepts his admissions as to Violation Numbers 2, 4, 6 and 7, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3.      The parties provided a factual proffer for Defendant's admissions. Regarding Violation Number 2, the Government proffered that United States Probation Officer Robert Tango met with Defendant at his place of employment on July 25, 2019. Defendant was instructed to meet Officer Tango at the United States Probation Office the following day. Approximately one-hour after the appointment time, Defendant called Officer Tango saying that he would not make the appointment. Defendant was instructed to report immediately and failed to report at all that day. Defendant admitted these facts. Defendant further proffered – through his attorney – that on the day he was supposed to meet Officer Tango he had committed to help his uncle move furniture. He had not yet completed the job when he called Officer Tango to

explain. He also did not have a ride to get to the Probation Office. It was only at that point that Officer Tango informed him that the meeting was mandatory.

4. Regarding Violation Number 4, the Government proffered that Officer Tango instructed Defendant that he was not permitted to have any contact with minors until the Probation Office made third party risk notifications to the minors' parents or guardians. On February 14, 2019, Officer Tango saw the Defendant at his brother's residence, where he was around at least one of his brother's children without Officer Tango having made the required notifications.

5. Regarding Violation Number 6, the Government proffered that Officer Tango questioned the Defendant on June 4, 2019 about his use of a computer and viewing of sexually explicit images. The Defendant denied using any computer or Internet capable device to view sexually explicit images. Defendant later admitted to Officer Tango, however, that he had used his mother's Netflix account and searched YouTube to view sexually explicit images.

6. Regarding Violation Number 7, the Government proffered that Defendant was instructed that he was not permitted to use or possess a computer without prior approval of the Court. Defendant subsequently admitted to Officer Tango that he had used the internet through his mother or sister by standing over their shoulder at the computer and directing their activity at least twelve times. Defendant added – through his attorney-- that he watched his mother access a computer for purposes of student aid and to look for jobs on Indeed.com.

7. Defendant agreed that the Government's proffer (supplemented by his explanations) was true and correct, and that the Government could prove these facts against him were a hearing to be held in this matter. The Court has considered the information provided and

finds that it sets forth a sufficient basis to support Defendant's admissions to Violation Numbers 2, 4, 6 and 7.

8.    The possible maximum penalties faced by Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, this Court recommends to the District Court that Defendant be found to have violated his supervised release with respect to Violation Numbers 2, 4, 6 and 7, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this __18th__ day of September, 2019.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE