UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14050-CR-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEPHEN EMERY MOLNAR,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO VIOLATION NUMBERS 2 AND 3**

    **THIS CAUSE** came before me on March 21, 2022. Having conducted a hearing, I recommend as follows:

    1.    A Petition Warrant or Summons for Offender Under Supervision (the "Petition") was filed in this case on February 7, 2022. DE 75. Defendant appeared before me on March 21, 2022 for a hearing. At the hearing, the Defendant admitted Violation Numbers 2 and 3.

    2.    Violation Numbers 2 and 3, which were admitted by the Defendant, allege:

| | |
|---|---|
| **Violation Number 2** | **Violation of Special Condition**, by buying, selling, exchanging, possessing, trading, or producing visual depictions of minors or adults engaged in sexually explicit conduct. On one occasion, between August and September 2021, the defendant possessed visual depictions of adults engaged in sexually explicit conduct as evidenced by his admissions to the United States Probation Officer Robert Tango regarding viewing pornography at his residence via his girlfriend's cellular telephone. |
| **Violation Number 3** | **Violation of Special Condition**, by buying, selling, exchanging, possessing, trading, or producing visual depictions of minors or adults engaged in sexually explicit conduct. On at least one occasion, between November and |

December 2021, the defendant produced and possessed sexually explicit images of adults as evidenced by his admissions to the United States Probation Officer Robert Tango regarding photographs he transmitted and received via text message.

3. The possible maximum penalties faced by the Defendant were read into the record by the Government. The Defendant stated that he understood those penalties.

4. I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing. The Defendant acknowledged that he understood his rights in that regard and further understood that if his admissions to Violation Numbers 2 and 3 are accepted, all that will remain regarding those violations will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

5. The Government proffered a factual basis for Defendant's admissions to Violation Numbers 2 and 3. The Defendant agreed that the facts proffered by the Government were true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer, I find that the proffered facts establish a sufficient factual basis to support Defendant's admissions to Violation Numbers 2 and 3.

6. The Government agreed to recommend dismissal of Violation Numbers 1 and 4 at the time of sentencing.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Numbers 2 and 3, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States

District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this <u>21st</u> day of March, 2022.

SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE